O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

              Plaintiff,

   v.

MARGARITA J. MORENO,

              Defendant.

_____

Case No. CV 14-02984 DDP (CWx)

**ORDER GRANTING EX PARTE APPLICATION FOR REMAND OF ACTION TO SUPERIOR COURT**

[Dkt. No. 4]

Before the court is Plaintiff Federal National Mortgage Association ("FNMA")'s Ex Parte Application for Remand of Action to Superior Court. (Dkt. No. 4.) Having considered the parties' submissions, the court grants Plaintiff's Application for the following reasons:

Plaintiff initiated this unlawful detainer action against Defendant on February 25, 2014 in Los Angeles Superior Court concerning property located at 9321 San Miguel Avenue, South Gate, CA 90280. Defendant removed to this court on April 17, 2014.

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal

1   court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561

2   F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant

3   bears the burden of proving federal jurisdiction. Duncan v.

4   Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v.

5   Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.

6   2003). The removal statute is strictly construed against removal

7   jurisdiction, and federal jurisdiction must be rejected if any

8   doubt exists as to the propriety of removal. Gaus v. Miles, Inc.,

9   980 F.2d 564, 566 (9th Cir. 1992). Title 28 U.S.C. § 1447(c) gives

10  a federal court authority to remand a case to state court for lack

11  of subject matter jurisdiction. Courts resolve doubts as to

12  removability in favor of remand. Gaus, 980 F.2d at 566.

13      Federal question jurisdiction exists over claims "arising

14  under the Constitution, laws, or treaties of the United States."

15  28 U.S.C. § 1331. To determine whether there is federal question

16  jurisdiction, a court applies "the well-pleaded complaint rule."

17  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 96 L. Ed. 2d

18  318, 107 S. Ct. 2425 (1987). The well-pleaded complaint

19  rule dictates that "a federal question must appear on the face of a

20  properly pleaded complaint." Ansley v. Ameriquest Mortgage, Co.,

21  340 F.3d 858, 861 (9th Cir. Cal. 2003) (citing Rivet v. Regions

22  Bank of La., 522 U.S. 470 (1998)).

23      Defendant asserts that removal is proper on the basis of

24  federal question jurisdiction. Defendant asserts that "the *gravaman*

25  of FNMA's Complaint is a debt collection claim and it is within the

26  original jurisdiction of the district court." (Notice of Removal ¶

27  10 (italics in original)). However, the only cause of action in the

28  Complaint is unlawful detainer to recover possession of real

1  property under California Code of Civil Procedure Section 1161(a).

2  (Complaint at 1.) "An unlawful detainer action is a true state law

3  claim." <u>Fed. Nat. Mortgage Ass'n v. Tinoco</u>, 2012 WL 3279288, at *2

4  (C.D. Cal. Aug. 9, 2012) (quotation marks and citation omitted).

5  Because the sole claim arises under state law, there is no basis

6  for federal question jurisdiction. While Defendant may assert

7  defenses rooted in federal law related to the effectiveness of the

8  trustee's sale at issue and the nature of the property that was

9  allegedly sold to Plaintiff, such defenses do not confer federal

10 subject matter jurisdiction. <u>See</u> <u>Ansley</u>, 340 F.3d at 861; <u>K2 Am.

11 Corp. v. Roland Oil & Gas, LLC</u>, 653 F.3d 1024, 1029 (9th Cir.

12 2011).

13     Defendant also asserts that "[t]his Court has jurisdiction

14 over this action since the Plaintiff is the United States

15 Government, as a federal corporation is the United States."

16 (Removal ¶ 14; <u>see also</u> Response in Opposition to Ex parte

17 Application at 7.) While several courts outside of this circuit

18 have found that FNMA's Congressional charter confers federal

19 jurisdiction on actions involving the FNMA, <u>see</u>, <u>e.g.</u>, <u>Pirelli v.

20 Armstrong Tire Corporation Retiree Medical Benefits Trust v.

21 Raines</u>, 534 F.3d 779 (D.C. Cir. 2008), courts in this circuit

22 appear to have uniformly reached the opposite conclusion. <u>See</u>,

23 <u>e.g.</u>, <u>Fed. Nat. Mortgage Ass'n. v. De-Savineau</u>, 2010 WL 3397027, at

24 *1 (C.D. Cal. Aug. 25, 2010) (holding that FNMA charter is not

25 sufficient to confer federal subject matter jurisdiction); <u>Federal

26 National Mortgage Ass'n v. Bridgeman</u>, 2010 WL 5330499, at *6 (E.D.

27 Cal. Dec. 20, 2010) (same); <u>State of Nevada v. Countrywide Home

28 Loans Servicing, LP</u>, 2011 WL 484298, at *6 (D. Nev. Feb. 4, 2011)

3

(same); <u>Mae v. Cabesas</u>, 2011 WL 830145, at *2 (E.D. Cal. Mar. 2, 2011) (same); <u>Fed. Nat. Mortgage Ass'n v. Bahan</u>, 2011 WL 2936021, at *3-4 (E.D. Cal. July 18, 2011); <u>Fed. Nat. Mortgage Ass'n v. Diaz</u>, 2011 WL 4375015, at *2 (E.D. Cal. Sept. 19, 2011) (same); <u>Fed. Nat. Mortgage Ass'n v. Wheat</u>, 2012 WL 3249533 (E.D. Cal. Aug. 7, 2012) (same). This court finds the reasoning of the latter cases convincing and adopts their rationale. Accordingly, the instant claim may not be properly removed on the basis of Defendant's status as a quasi-government entity.

Because Plaintiff has not met her burden to show that this court may exercise jurisdiction over the instant action, Plaintiff's Application is GRANTED and the action is ordered REMANDED to Los Angeles Superior Court.

IT IS SO ORDERED.

Dated: May 14, 2014

DEAN D. PREGERSON
United States District Judge

cc: order,docket,remand letter to
Los Angeles Superior Court, South District,
Long Beach, No. 14F01834